USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: 4/15/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DR. CYRIL KENDALL, The World's
Most Unique Man,
         Plaintiff,    :    1:13-cv-4689 (ALC)(RLE)

   -against-    :    **OPINION AND ORDER**

ANDREW M. CUOMO ET AL,    :

         Defendants.    :

------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

*Pro se* Plaintiff Cyril Kendall added Defendants Bill Hutchinson, John Doyle, Mortimer B. Zuckerman, Anne B. Carroll, Matthew A. Leish, and Daily News, L.P. (collectively, the "Daily News Defendants") in his Amended Complaint in this action against various New York state officials as well as correctional officers and staff. The Daily News Defendants have moved to dismiss the complaint against them on the basis of res judicata and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because this Court holds that res judicata bars this action against the Daily News Defendants, the Daily News Defendants' motion to dismiss is GRANTED.

## BACKGROUND

Kendall was previously an inmate incarcerated at the Buffalo Federal Detention Facility before being deported in mid to late June 2017 to his native country of Guyana. ECF No. 153. In 2003, Kendall was convicted of defrauding several charities by falsely claiming that his son had died in the September 11 terrorist attacks. *Kendall v. Hutchinson*, Index No. 100245/12, at *1-2 (N.Y. Sup. Ct. Aug 17, 2002) (Decision and Order). On October 3, 2011, the Daily News

1

published an article by reporters Bill Hutchinson and John Doyle entitled "Good Riddance! Worst 9/11 scammer to be freed after 8 yrs. in jail, get boot from U.S." *See* Leish Decl. Ex. G. The article stated that Kendall was convicted for defrauding charities by claiming that his fictitious son died in the terror attack, that he was sentenced to serve up to 20 years, and that as a condition of his early release Kendall was going to be deported. *Id.*

On January 9, 2012, Kendall began an action in New York Supreme Court (the "State Lawsuit") for defamation against the Daily News, Hutchinson, Doyle, and publisher Mortimer B. Zuckerman. *See* Complaint, *Kendall v. Hutchinson*, Index No. 100245/12, (N.Y. Sup. Ct. Aug 17, 2002). In this Complaint, Kendall alleged, *inter alia*, that these Defendants willfully and maliciously published the allegedly false article in order to cause correctional officers and the State of New York to retaliate against him. *Id.* ¶ 35. Specifically, at the two facilities where Kendall was incarcerated, the corrections officers and staff physically injured him, endangered his life, and deprived him of medical treatment and food. *Id.* ¶¶ 35-37, 40-41, 44-47, 51, 53-63. On August 17, 2012, the Justice dismissed the State Lawsuit in its entirety. *Kendall v. Hutchinson*, Index No. 100245/12, at *1-2 (N.Y. Sup. Ct. Aug 17, 2002) (Decision and Order).

On July 2, 2013, Kendall commenced this lawsuit alleging unconstitutional deprivation and retaliation, specifically a scheme to starve him with an intent to kill him by various state officials and corrections officers and staff. Kendall alleged that the various defendants initiated the scheme to kill him as a result of the October 3, 2011 Daily News Article and his lawsuit against them.[1] Compl. ¶ 1. Kendall later amended the Complaint and added the same Daily News Defendants as the State Lawsuit, plus the Daily News' current and former in-house

---

[1] The other lawsuit is *Kendall v. Cuomo*, 12-cv-3438 (S.D.N.Y.), which is also in pending in front of this Court.

counsel, Anne B. Carroll and Matthew A. Leish. Kendall essentially alleged that the Daily News Defendants "created an exclusive, deadly and dangerous weapon for use" in the form of the October 3, 2011 Article for the purpose of causing him serious harm and preventing his release. Am. Compl., Addendum, ECF No. 65 at 52-53.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

In deciding a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007), and may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). The Court may also consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993). These include documents filed in other courts. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide. Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (courts can "look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Cowen v. Ernest Codelia, P.C.,* No. 98 Civ. 5548, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) (explaining

that a court may consider public documents on a motion to dismiss based on res judicata to determine whether claims are barred by prior litigation).

"A court may consider a res judicata defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). Indeed, when a motion to dismiss is premised on this doctrine, the court may take judicial notice of the complaints and record in both actions without having to convert to summary judgment motion. *McKoy v. Henderson*, No. 05 Civ. 1535, 2007 WL 678727, at *6 (S.D.N.Y. Mar 5, 2007).

## DISCUSSION

Defendants argue that Kendall's claims against them are barred by the doctrine of res judicata in light of the state court judgment dismissing claims based on the same underlying article that is at issue in this suit. The Court agrees.

The doctrine of res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N. Y. City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine applies to *pro se* litigants. *Pena v. Travis*, No. 01 Civ. 8534, 2002 WL 31886175, at *8 (S.D.N.Y. Dec. 27, 2002). In determining the preclusive effect of a state court judgment, federal courts must apply the preclusion law of the rendering state. *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192-93 (2d Cir. 2008). Pursuant to New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking

4

a different remedy." *Id.* at 194 (quoting *In re Derek Josey*, 9 N.Y.3d 386, 389–90 (N.Y. 2007)). A "set of facts will be deemed a single 'transaction' for res judicata purposes if the facts are closely related in time, space, motivation, or origin, such that treating them as a unit would be convenient for trial and would conform to the parties' expectations." *Schwartzreich v. E.P.C. Carting Co.*, 246 A.D.2d 439, 441 (N.Y. App. Div. 1998).

In this suit, Kendall's claims are based on the same October 3, 2011 article that was at issue in the prior State Lawsuit. Kendall still alleges that the Daily News Defendants published the October 3, 2011 Article with the intention that the non-Daily News defendants (the corrections officer and medical staff) would cause harm against him, and that in fact the non-Daily News Defendants did physically harm him as well as deny him food and medical care because of the Article. In fact, the only change is not the facts but the theory: instead of defamation, the theory is a violation of his civil rights under 42 U.S.C. § 1983.[2] Accordingly, Kendall's claims are barred. *See L-Tec Electronics Corporation v. Cougar Electronic Organization, Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (barring new claims that arose "out of the same factual predicate as the original claims" and were "based on different legal theories rather than different facts and, accordingly, could have been raised in the original complaint").

## CONCLUSION

For the foregoing reasons, the Daily News Defendants' motion to dismiss is GRANTED.

---

[2] Federal courts can dismiss Section 1983 actions on grounds of res judicata based on previous state court proceedings involving the same set of facts. *Allen v. McCurry*, 449 U.S. 90, 104 (1980).

SO ORDERED.

Dated: September 15, 2017
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**